WALLACH, Circuit Judge,
Concurring.
I agree with the outcome reached by the majority, and with its context-driven analysis of Form 18 -compliance. However, I disagree with the dictum that “the Forms control” over the Supreme Court’s plausibility standard set forth in Iqbal and Twombly.[1] Majority Op. at 1283. Rather, plausibility is always required to survive a Rule 12(b)(6) motion. The significance of Form 18 is that, pursuant to Rule 84, it illustrates the “simplicity and brevity” adequate to state a plausible claim for relief in cases alleging direct patent infringement.
The question presented in this case is whether K-Tech’s allegations are adequate under Rule 8(a). If so, they survive a Rule 12(b)(6) motion; if not, the complaints must be dismissed. The Supreme Court has interpreted Rule 8(a) to require “sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’” Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). This standard “governs the pleading standard ‘in all civil actions and proceedings in the United States district courts.’ ” Id. (quoting Rule 1) (emphasis added). Form 18 provides a *1288 sample complaint for patent infringement, and Rule 84 “makes clear that a proper use of [Form 18] ... effectively immunizes a claimant from attack regarding the sufficiency of the pleading.” Majority Op. at 1283 (emphasis added). As the majority rightly points out, Rule 84 is binding on this court to the same extent as Rule 8(a).
Thus, this court is bound by Iqbal and Twombly (interpreting Rule 8(a)) and by Rule 84. To the extent possible, these standards must be harmonized. Fortunately, Twombly suggests a path to reconciliation. Twombly expressly recognized the adequacy of the allegations in former Form 9. Twombly, 550 U.S. at 565 n. 10, 127 S.Ct. 1955 (citing Form 9, Complaint for Negligence, modified and renumbered as Form 11) (hereinafter “Form 9”); see also Hamilton v. Palm, 621 F.3d 816, 818 (8th Cir.2010) (considering Form 13 in determining whether the Iqbal and Twombly standard had been met). Comparison of Form 9 with Form 18 shows each alleges as much “factual matter” as the other. Sample Form 9 provided, in relevant part: “On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.” Form 9 alleges some facts, such as “that the defendant struck the plaintiff with his car while plaintiff was crossing a particular highway at a specified date and time.... ” Twombly, 550 U.S. at 565 n. 10, 127 S.Ct. 1955. Nonetheless, it contains “conclusory allegations” in equal measure, alleging simply that the defendant’s conduct was negligent. See id. at 557, 127 S.Ct. 1955 (instructing that “a conclusory allegation” alone is inadequate to state a claim). Similarly, Form 18 contains factual allegations, like the issuance of a valid patent, plaintiffs ownership of that patent, and that the defendant is “making, selling, and using electric motors that embody the patented invention.” Although the allegation that defendant “is infringing” seems to be a legal conclusion of the type we are instructed to disregard under Twombly, it is no more conclusory than Form 9’s allegation of “negligence.” Following this guidance, the Iqbal and Twombly standard and Rule 84 may both be given effect by holding that plausible allegations paralleling Form 18 are adequate to satisfy Rule 8(a).
Because these standards are reconcilable, it is unnecessary for the majority to pronounce that “the Forms control” over plausibility. Indeed, the remainder of the majority’s opinion suggests the opposite, and expressly states that plausibility is required for Form 18 compliance. Majority Op. at 1284 (holding it “clear that an implausible claim for patent infringement rightly should be dismissed”); Majority Op. at 1286 (listing plausibility as one of the “touchstones” of an appropriate Form 18 analysis). Moreover, the majority’s analysis of Form 18 compliance is just the sort of “context-specific” analysis required by the plausibility standard. Iqbal, 556 U.S. at 679, 129 S.Ct. 1937 (“[Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.”). The majority states the adequacy of facts pled under Form 18 “depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant’s business activities.”[2] Majori *1289 ty Op. at 1286 (collecting cases where district courts have applied such a context-sensitive approach). This analysis does not square with the dictum that “the Forms control,” but is entirely consistent with the framework presented by this concurring opinion; that plausible allegations conforming to Form 18 are adequate to satisfy the requisite Iqbal and Twombly standard.

. This case does not present a conflict between Form 18 and plausibility. See Majority Op. at 1286-87 (holding K-Tech’s complaints satisfy the standards of notice and facial plausibility). R+L Carriers, from which "the Forms control” language was drawn, similarly did not involve any such conflict. Compare R+L Carriers, 681 F.3d at 1335 (the allegations of direct infringement satisfy Form 18), with id. at 1351 (Newman, J. dissenting in part, concurring in part) (the same allegations satisfy the Twombly and Iqbal standard); see also McZeal, 501 F.3d at 1358 (“McZeal met the low bar for pro se litigants to avoid dismissal on the basis of [Rule] 12(b)(6)”). Thus, stating that "the Forms control” in the event of a conflict between Form 18 and plausibility is dictum. In re McGrew, 120 F.3d 1236, 1238 (Fed.Cir.1997) ("[D]ictum consists, inter alia, of statements in judicial opinions upon a point or points not necessary to the decision of the' case.”) Such dictum " 'is not authoritative,’ ” but rather " ‘is the part of an opinion that a later court ... is free to reject.' ” Id. (quoting United States v. Crawley, 837 F.2d 291, 292 (7th Cir.1988)).

. It is unclear what the majority means when it says “the Forms control.” Even according to the majority, strict replication of Form 18 is neither required nor sufficient to satisfy Rule 12(b)(6). For instance, K-Tech’s complaints are found adequate under Form 18 *1289 although they do not allege a device analogous to "electric motors” nor that the paten-tee "owned the patents throughout the period of the defendant's infringing acts....” See Form 18 (including such allegations). More- ■ over, the majority indicates that a complaint duplicating the allegations in Form 18 would be inadequate if implausible. See Majority Op. at 1284 ("an implausible claim for patent infringement rightly should be dismissed.”).