# United States Court of Appeals
# for the Federal Circuit

---

**K-TECH TELECOMMUNICATIONS, INC.,**
*Plaintiff-Appellant,*

**v.**

**TIME WARNER CABLE, INC.,**
*Defendant-Appellee.*

---

2012-1425

---

Appeal from the United States District Court for the Central District of California in No. 11-CV-9373, Judge R. Gary Klausner.

- - - - - - - - - - - - - - - - -

**K-TECH TELECOMMUNICATIONS, INC.,**
*Plaintiff-Appellant,*

**v.**

**DIRECTV,**
*Defendant-Appellee.*

---

2012-1446

---

Appeal from the United States District Court for the Central District of California in No. 11-CV-9370, Judge R. Gary Klausner.

———————————

Decided: April 18, 2013

———————————

PATRICK F. BRIGHT, Wagner, Anderson & Bright, P.C., of Glendale, California, argued for plaintiff-appellant.

DAVID S. BENYACAR, Kaye Scholer, LLP, of New York, New York, argued for defendant-appellee, Time Warner Cable, Inc. With him on the brief was DANIEL L. REISNER.

DARIN W. SNYDER, O'Melveny & Myers, LLP, of San Francisco, California, argued for the defendant-appellee, DirecTV. With him on the brief was RYAN K. YAGURA, of Los Angeles, California.

———————————

Before MOORE, O'MALLEY, and WALLACH, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* O'MALLEY.
Concurring opinion filed by *Circuit Judge* WALLACH.

O'MALLEY, *Circuit Judge.*

K-Tech Telecommunications, Inc. ("K-Tech") appeals the district court's orders in *K Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, CV11-09373 (May 9, 2012 C.D. Cal) and *K Tech Telecommunications, Inc. v. DirecTV*, CV11-09370 (May 9, 2012 C.D. Cal) dismissing K-Tech's First Amended Complaints for patent infringement against Time Warner Cable, Inc. ("TWC") and DirecTV for failure to state a claim upon which relief can be granted. Given the substantial factual overlap between the two actions, we consolidated the appeals for the purposes of

oral argument and issue our ruling in a single opinion. We find that the district court applied the incorrect standard in evaluating the adequacy of K-Tech's complaints. District courts must evaluate complaints alleging direct infringement by reference to Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure ("Form 18"). Applying that standard to the amended complaints at issue in these appeals, we reverse the judgments dismissing these actions with prejudice and remand for further proceedings.

BACKGROUND

A. Procedural History

On November 9, 2011, K-Tech filed a complaint for patent infringement against DirecTV in the United States District Court for the Central District of California. On the same day, K-Tech filed a similar action against TWC. These complaints named four patents, U.S. Patent 6,785,903 (the "'903 patent"); U.S. Patent 7,487,533 (the "'533 patent"); U.S. Patent 7,761,893 (the "'893 patent"); and U.S. Patent 7,984,469 (the "'469 patent") (collectively, the "K-Tech patents") and charged DirecTV and TWC with direct infringement of each. On November 28, 2011, following K-Tech's request, the action against TWC was transferred to Judge R. Gary Klausner, the judge assigned to the lower numbered DirecTV action.

On January 5, 2012, DirecTV and TWC each moved to dismiss the original complaints under Federal Rule of Civil Procedure 12(b)(6), alleging that the respective complaints lacked sufficient factual specificity to state a cause of action for direct patent infringement. At K-Tech's request, the district court consolidated briefing with respect to the defendants' motions to dismiss. On February 21, 2012, the district court dismissed both complaints in substantially similar orders and granted K-Tech leave to amend, stating in pertinent part as follows:

> Based solely on this evidence and without any additional factual allegations, Plaintiff seems to suggest that Defendant must operate some product or process in a manner that infringes some of the Asserted Patents, because Defendant is able to achieve the same end-result as that contemplated by the Asserted Patents. Although Plaintiff strongly believes that Defendant "must" be infringing the Asserted Patents, Plaintiff fails to explain the basis of this belief. Plaintiff does not explain why it believes that Defendant is utilizing the methods and products protected by the Asserted Patents to update the digital signals it receives rather than using other noninfringing methods and products.

TWC J.A. 4; DirecTV J.A. 3-4.

On February 28, 2012, K-Tech filed First Amended Complaints against TWC and DirecTV. On March 30, 2012, both TWC and DirecTV moved to dismiss the respective First Amended Complaints, again under Rule 12(b)(6). On May 9, 2012, the District Court dismissed each of the First Amended Complaints, ruling as follows:

> On February 21, 2012, the Court granted Defendant's Motion to Dismiss Plaintiff's Complaint for patent infringement on the grounds that Plaintiff failed to allege sufficient factual detail regarding Defendant's accused product and the manner in which it is infringing Plaintiff's patents. The First Amended Complaint ("FAC") Plaintiff filed on February 28, 2012 does not cure the deficiencies identified in the Court's prior order. Plaintiff has failed to allege facts sufficient to state a plausible claim for patent infringement under the standards articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Therefore, for the rea-

sons stated in the Court's February 21st Order, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's FAC.

TWC J.A. 1; DirecTV J.A. 1.

K-Tech timely filed its Notice of Appeal on May 25, 2012. We issued our decision in *R+L Carriers, Inc. v. DriverTech LLC* (*In re Bill of Lading Transmission & Processing System Patent Litigation*), 681 F.3d 1323 (Fed. Cir. 2012), on June 7, 2012.

## B. Patented Technology

K-Tech describes its patents as identifying systems and methods for modifying a major channel number, a minor channel number, and/or a carrier frequency to identify a television program. The following claims were specifically identified in each of the First Amended Complaints:

Claim 24 of the '903 patent:

A method of translating a digital television signal, comprising the steps of:

receiving a first digital television signal and generating a digital transport stream from the first digital television signal, the digital transport stream including original PSIP data having RX channel data;

updating the original PSIP data in the digital transport stream by replacing the RX channel data with TX channel data; and

converting the digital transport stream having the updated PSIP data into a second digital television signal,

wherein the RX channel data is associated with the first digital television signal and

includes at least one of a major channel number, a minor channel number, and a carrier frequency, and the TX channel data is associated with the second digital television signal and includes at least one of an updated major channel number, an updated minor channel number, and an updated carrier frequency.

Claim 13 of the '533 patent:

A method of translating, comprising

separating a first program information table from video data and audio data contained in a first digital transport stream, the first program information table containing one or more attributes for a virtual channel of a digital television signal carried in the first digital transport stream;

forming a second program information table having one or both of a new carrier frequency and new virtual channel number;

combining the second program information table with the separated video and audio data to form a second digital transport stream;

modulating data from the second digital transport stream; and

generating a second digital television RF signal using the modulated data from the second digital transport stream.

Claim 1 of the '893 patent:

A system for translating a first digital transport stream containing one or more digital television

programs carried in the first digital transport stream, comprising:

> a program information update unit, the program information update unit supplementing one or more attributes for a virtual channel of a digital television program carried in the first digital transport stream; and

> a multiplexor, the multiplexor combining the one or more attributes supplemented by the program information update unit and the first digital television program carried on the first digital transport stream to form a second digital transport stream.

Claim 5 of the '469 patent:

A method of translating, comprising:

> receiving an ATSC digital television signal over cable;

> converting the ATSC digital television signal into a first digital transport stream, the first digital transport stream containing video and audio data of a program and a program information table, the program information table having a major channel number and a minor channel number;

> generating a new program information table containing a new channel number, the new channel number identifying the program represented by the major channel number and the minor channel number;

> and combining the video and audio data with the new program information table.

In its complaints, K-Tech alleges that TWC and Di-recTV infringe the K-Tech patents by "making, selling, and offering to sell, in this judicial district, systems and methods for modifying a major channel number, a minor channel number, and/or a carrier frequency to identify a television program . . . ." DirecTV J.A. 55; TWC J.A. 55-56. According to K-Tech, the Federal Communications Commission requires that all digital television signals in the U.S. follow the Advanced Television Systems Committee ("ATSC") specifications, which in turn require compliance with Program and System Information Protocol ("PSIP") specifications that define the information included in a digital television signal (e.g., major channel number, minor channel number, and a carrier frequency). K-Tech identifies broadcast networks, such as CBS, ABC, NBC, and FOX, that transmit digital television signals in accordance with these protocols. Because TWC and DirecTV identify programs broadcast over their cable or satellite systems with a channel number, K-Tech contends that TWC and DirecTV utilize the methods and systems protected by the K-Tech patents to update the digital signals they receive.

## DISCUSSION

On appeal, K-Tech contends that its First Amended Complaints comply with Form 18 and that the district court applied the incorrect standard in analyzing the sufficiency of each complaint. DirecTV and TWC argue in response that the sufficiency of a complaint with respect to Form 18 must be interpreted consistently with the Supreme Court's decisions in *Iqbal* and *Twombly*, as well as Ninth Circuit law. The defendants also assert that the respective First Amended Complaints fail to meet either the plain language of Form 18 or the form interpreted through the lens of *Twombly* and *Iqbal*.

## A. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) "generally requires only a plausible 'short and plain' statement of the plaintiff's claim," showing that the plaintiff is entitled to relief. *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011). "Because it raises a purely procedural issue, an appeal from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit." *R+L Carriers*, 681 F.3d at 1331 (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007); *C&F Packing Co. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000)). The Ninth Circuit reviews de novo challenges to a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Livid Holdings Ltd. v. Saloman Smith Barney, Inc.*, 403 F.3d 1050, 1055 (9th Cir. 2005). The court's review is generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

In undertaking this review, the court "accept[s] the plaintiffs' allegations as true and construe[s] them in the light most favorable to plaintiffs." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). "[O]nly pleaded facts, as opposed to legal conclusions, are entitled to assumption of the truth," however. *United States v. Corinthian Colleges*, 655 F.3d 984, 991 (9th Cir. 2011). In addition, "conclusory statements . . . are not entitled to the presumption of truth." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The court will hold a dismissal inappropriate unless the complaint fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard set forth in *Twombly* is met when "the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

B.  Application of Form 18 to the K-Tech Complaints

Form 18 sets forth a sample complaint for direct patent infringement and requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).  We recently had occasion to address the interaction between Form 18 and general pleading standards in *R+L Carriers*.  681 F.3d 1323.  As we explained there, Federal Rule of Civil Procedure 84 states that "'the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.'"  *Id.* at 1334 (quoting Fed. R. Civ. P. 84).  Rule 84, combined with guidance from the Advisory Committee Notes to the 1946 amendment of Rule 84, makes clear that a proper use of a form contained in the Appendix of Forms effectively immunizes a claimant from

attack regarding the sufficiency of the pleading. *Id.* at 1334.

Any criticism we may have regarding the sufficiency of the forms themselves is strictly proscribed by Supreme Court precedent. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (Any changes to the Federal Rules of Civil Procedure "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation."); *see also Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation). And, as we made clear in *R+L Carriers*, to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleadings requirements, the Forms control.[1] *R+L Carriers*, 681 F.3d at 1334 (citing *McZeal*, 501 F.3d at 1360 (Dyk, J., concurring in part and dissenting in part) (acknowledging that, while the bare allegations contemplated by Form 18 appear deficient under *Twombly*, we are "required to find that a bare allegation of literal infringement in accordance with Form [18] would be sufficient under Rule 8 to state a claim")); *see*

---

[1] TWC and DirecTV suggest that our analysis of what Form 18 requires should differ depending on the regional circuit from which a case arises. We disagree. While we reviewed the district court's decision to dismiss the complaint in *R+L Carriers* under Sixth Circuit law, our decision regarding the requirements of Form 18 and its relationship to the pleading standards set forth in *Twombly* and *Iqbal* was dictated by Supreme Court precedent. *R+L Carriers*, 681 F.3d 1323. Our analysis is no different where the case comes to us from the Ninth Circuit. Form 18 is a national form, and any argument that we should interpret it differently here than we did in *R+L Carriers* is without merit.

*also Superior Indus., LLC v. Thor Global Enters.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) ("In a complaint for patent infringement under § 271(a), Form 18 of the Federal Rules of Civil Procedure provides the pleading standard. . . . Although the parties do not discuss the Form 18 pleading standard, this court acknowledges that standard to review the dismissal.").

That Form 18 would control in the event of a conflict between the form and *Twombly* and *Iqbal* does not suggest, however, that we should seek to create conflict where none exists. A complaint containing just enough information to satisfy a governing form may well be sufficient under *Twombly* and *Iqbal*. *R+L Carriers*, 681 F.3d at 1334 n.6. "Resolution of that question will depend upon the level of specificity required by the particular form, the element of the cause of action as to which the facts plead are allegedly inadequate, and the phrasing of the complaint being challenged." *Id.* (citing *Twombly*, 550 U.S. at 564 n.10 (noting that forms governing claims for negligence require sufficient detail to permit a defendant to "know what to answer")). And we think it clear that an implausible claim for patent infringement rightly should be dismissed.

Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement. As we stated in *McZeal*:

> It logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend. *See Bell Atlantic*, 127 S. Ct. at 1971 n. 10 (stating "[a] defendant wishing to prepare an answer in the simple fact pattern laid out in Form 9 [in the Federal Rules of Civil Procedure] would know what to answer; a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where

> to begin."). Thus, a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent. *See, e.g., Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

501 F.3d 1354, 1357 (Fed. Cir. 2007) (alterations in original). That said, however, it is clear the district court applied the wrong standard to K-Tech's complaints in requiring that a plaintiff preemptively identify and rebut potential non-infringing alternatives to practicing the claims of an asserted patent. *See, e.g.*, TWC J.A. 4 ("Plaintiff does not explain why it believes that Defendant is utilizing the methods and products protected by the Asserted Patents to update the digital signals it receives, rather than using other non-infringing methods and products."). Form 18 includes no indication that a patent holder must prospectively anticipate such noninfringement arguments.[2] For this reason alone, it is clear the rationale employed by the district court when dismissing K-Tech's actions was erroneous. We thus turn to the question of whether, under an alternate, appropriate rationale, we may otherwise affirm the district court's judgments. See Hydril Co. LP v. Grant Prideco LP, 474 F.3d 1344, 1351 (Fed. Cir. 2007) (noting that it is within this court's discretion to "affirm a district court judgment

---

[2]    TWC and DirecTV each challenge the sufficiency of K-Tech's pre-suit investigation and K-Tech's knowledge of the accused systems. Satisfaction of Form 18 does not guarantee compliance with Rule 11 of the Federal Rules of Civil Procedure. That a complaint alleges a plausible claim for patent infringement on its face and satisfies Form 18 does not immunize a plaintiff who fails to identify easily ascertainable evidence of noninfringement through appropriate pre-suit investigation. *See, e.g., R+L Carriers, Inc. v. Pitt Ohio Express, Inc.*, 2013 U.S. App. LEXIS 2541 (Fed. Cir. Feb. 6, 2013).

on any ground shown by the record, even though that was not the basis of the district court's decision"). We cannot.

## C. Satisfaction of Form 18

DirecTV and TWC argue that, even assuming Form 18 is the governing standard by which K-Tech's complaints are to be judged and the trial court did not employ that talisman, K-Tech failed in its obligations under Form 18 by not identifying an infringing device or adequately connecting any alleged activity to the asserted patents.[3] K-Tech responds, in pertinent part, that it included in each of the First Amended Complaints a statement that the defendants have been infringing by making, selling, and using methods or systems embodying the patent. To determine who is correct on this point, we turn to the specificity required by Form 18. *R+L Carriers*, 681 F.3d at 1334.

Paragraph 3 of Form 18 requires, by way of an exemplary invention, a statement that "[t]he defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court." On appeal, K-Tech argues that the statements addressed below satisfy Form 18 and are sufficient to allege direct infringement of the K-Tech patents.

---

[3]    Neither party contests—and we find no question—that K-Tech's First Amended Complaints contain an allegation of jurisdiction, an assertion of ownership, a demand for an injunction and damages, and written notice of infringement by way of the complaints (except to the extent that the defendants contend that the complaints insufficiently describe the allegedly infringing activity).

In paragraph 7 of each of the First Amended Complaints, K-Tech describes its patents as "identify[ing] systems and methods for modifying a major channel number, a minor channel number and/or a carrier frequency to identify a television program" and states that TWC and DirecTV infringe the K-Tech patents by doing the same. DirecTV J.A. 57; TWC J.A. 57. The First Amended Complaints describe a regulatory scheme in which networks are required to broadcast digital television signals in compliance with ATSC specifications, which in turn require compliance with PSIP specifications that define what information must be included in a digital television signal (including, e.g., major channel number, minor channel number, and a carrier frequency). DirecTV J.A. 57; TWC J.A. 57. K-Tech then references a DirecTV patent that allegedly describes how DirecTV receives its local broadcast signals. DirecTV J.A. 58-59. And, K-Tech references pre-suit communications with DirecTV in which K-Tech allegedly explained its infringement allegations and DirecTV rejected them. DirecTV J.A. 57-58. With respect to TWC, K-Tech provides an allegedly infringing example of a television program which shows one channel assignment when received via an over-the-air digital signal and another—i.e., modified—channel assignment when received via TWC broadcast. TWC J.A. 57-58. Based on these facts, K-Tech claims:

> In order to broadcast programs in a cable or satellite system, companies, such as [DirecTV and TWC], must identify television programs with a channel number so that users can select the programs. These companies may also be using the carrier frequency to identify the programs. On information and belief, this infringement will continue unless enjoined by this court.

*Id.* Thus:

On information and belief, Plaintiff believes that [DirecTV and TWC are] utilizing the methods and systems protected by the K-Tech patents to update the digital signals it receives, rather than using other non-infringing methods and systems, because this receiving of digital television signals and channel reassignment appears to be covered by the K-Tech patents, raising an inference of infringement, which constitutes probable cause for the case, even though [DirecTV and TWC hold] in confidence the details of its channel reassignment methods/systems.

DirecTV J.A. 59; TWC J.A. 58.

DirecTV and TWC contend that these types of allegations are insufficient under Form 18. They argue that *R+L Carriers* reads Form 18 to require identification of the allegedly infringing *device*. According to the defendants, K-Tech's failure to identify—by name, model number, or otherwise—specific devices or products that infringe the K-Tech patents is fatal to its complaints. Both TWC and DirecTV point to a complaint filed by K-Tech against Blonder Tongue Laboratories, Inc., in which K-Tech listed accused products by model number and tied each to elements of the claimed inventions as evidence. Appellees argue that the Blonder Tongue complaint evidences that K-Tech was aware that its obligations under Form 18 require that level of detail.

K-Tech responds by arguing that both DirecTV and TWC operate in secrecy and that K-Tech is unable to ascertain exactly where the infringement is occurring or what devices are used to infringe. K-Tech contends that fair inferences can be drawn from allegations in the complaints regarding the nature of defendants' businesses, the industry standards to which they are required to adhere, and the output signals produced. This, K-Tech argues, is enough to withstand dismissal.

We do not read Form 18—or *R+L Carriers*—to require that a plaintiff identify an accused device by name. That K-Tech cannot point to the specific device or product within TWC's or DirecTV's systems that translates the digital television signals each receives—especially when the operation of those systems is not ascertainable without discovery—should not bar K-Tech's filing of a complaint. A defendant cannot shield itself from a complaint for direct infringement by operating in such secrecy that the filing of a complaint itself is impossible. Nor is a defendant immune from a direct infringement claim because he does not make a "device" but, rather, infringes through a system or method.

The touchstones of an appropriate analysis under Form 18 are notice and facial plausibility. *See R+L Carriers*, 681 F.3d at 1334; *McZeal*, 501 F.3d at 1357. While these requirements serve as a bar against frivolous pleading, it is not an extraordinarily high one. The adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities. *Compare Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, 2012 U.S. Dist. LEXIS 114199, at *13-15 (E.D. Tex. July 27, 2012) (stating that "[t]he required detail level of the description is dictated by the facts and circumstances surrounding the action" and finding that an identification of a general category of products as well as specific features is sufficient to satisfy Form 18), *and Select Retrieval, LLC v. L. L. Bean, Inc.*, 2012 U.S. Dist. LEXIS 156004 (D. Me. Oct. 31, 2012) (finding the identification of an accused website sufficient to provide notice under Form 18), *with Prism Techs., LLC v. AT&T Mobility, LLC*, 2012 U.S. Dist. LEXIS 126630 (D. Neb. Sept. 6, 2012) (finding that allegation of infringement by AT&T against "various wireless products and data services" was too broad to satisfy the requirements of Form 18).

Here, we find that K-Tech's amended complaints in both actions satisfy these standards. DirecTV and TWC know what K-Tech's patents claim, and they know what K-Tech asserts their systems do, and why. K-Tech has alleged that DirecTV and TWC must and do modify or "translate" digital signals they receive, and it has alleged that they do so using K-Tech's patented methods and systems. We find these allegations adequate to satisfy Form 18 and, thus, to satisfy the pleading standards that govern these actions.

## CONCLUSION

We reverse the district court's judgments in *K Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, CV11-09373 (May 9, 2012 C.D. Cal) and *K Tech Telecommunications, Inc. v. DirecTV*, CV11-09370 (May 9, 2012 C.D. Cal) dismissing K-Tech's First Amended Complaints and remand for further proceedings in these cases.

**REVERSED AND REMANDED**

# United States Court of Appeals
# for the Federal Circuit

---

**K-TECH TELECOMMUNICATIONS, INC.,**
*Plaintiff-Appellant,*

**v.**

**TIME WARNER CABLE, INC.,**
*Defendant-Appellee.*

---

2012-1425

---

Appeal from the United States District Court for the Central District of California in No. 11-CV-9373, Judge R. Gary Klausner.

- - - - - - - - - - - - - - - - - -

**K-TECH TELECOMMUNICATIONS, INC.,**
*Plaintiff-Appellant,*

**v.**

**DIRECTV,**
*Defendant-Appellee.*

---

2012-1446

---

Appeal from the United States District Court for the Central District of California in No. 11-CV-9370, Judge R. Gary Klausner.

_____

WALLACH, *Circuit Judge*, Concurring.

I agree with the outcome reached by the majority, and with its context-driven analysis of Form 18 compliance. However, I disagree with the dictum that "the Forms control" over the Supreme Court's plausibility standard set forth in *Iqbal* and *Twombly*.[1] Majority Op. at 10. Rather, plausibility is always required to survive a Rule 12(b)(6) motion. The significance of Form 18 is that, pursuant to Rule 84, it illustrates the "simplicity and

_____

[1]  This case does not present a conflict between Form 18 and plausibility. *See* Majority Op. at 16–17 (holding K-Tech's complaints satisfy the standards of notice and facial plausibility). *R+L Carriers*, from which "the Forms control" language was drawn, similarly did not involve any such conflict. *Compare R+L Carriers*, 681 F.3d at 1335 (the allegations of direct infringement satisfy Form 18), *with id.* at 1351 (Newman, J. dissenting in part, concurring in part) (the same allegations satisfy the *Twombly* and *Iqbal* standard); *see also McZeal*, 501 F.3d at 1358 ("McZeal met the low bar for *pro se* litigants to avoid dismissal on the basis of [Rule] 12(b)(6)"). Thus, stating that "the Forms control" in the event of a conflict between Form 18 and plausibility is dictum. *In re McGrew*, 120 F.3d 1236, 1238 (Fed. Cir. 1997) ("[D]ictum consists, *inter alia*, of statements in judicial opinions upon a point or points not necessary to the decision of the case.") Such dictum "'is not authoritative,'" but rather "'is the part of an opinion that a later court . . . is free to reject.'" *Id.* (quoting *United States v. Crawley*, 837 F.2d 291, 292 (7th Cir. 1988)).

brevity" adequate to state a plausible claim for relief in cases alleging direct patent infringement.

The question presented in this case is whether K-Tech's allegations are adequate under Rule 8(a). If so, they survive a Rule 12(b)(6) motion; if not, the complaints must be dismissed. The Supreme Court has interpreted Rule 8(a) to require "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). This standard "governs the pleading standard 'in *all* civil actions and proceedings in the United States district courts.'" *Id.* (quoting Rule 1) (emphasis added). Form 18 provides a sample complaint for patent infringement, and Rule 84 "makes clear that a *proper use* of [Form 18] . . . effectively immunizes a claimant from attack regarding the sufficiency of the pleading." Majority Op. at 9–10 (emphasis added). As the majority rightly points out, Rule 84 is binding on this court to the same extent as Rule 8(a).

Thus, this court is bound by *Iqbal* and *Twombly* (interpreting Rule 8(a)) and by Rule 84. To the extent possible, these standards must be harmonized. Fortunately, *Twombly* suggests a path to reconciliation. *Twombly* expressly recognized the adequacy of the allegations in former Form 9. *Twombly*, 550 U.S. at 565 n.10 (citing Form 9, Complaint for Negligence, *modified and renumbered as* Form 11) (hereinafter "Form 9")); *see also Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010) (considering Form 13 in determining whether the *Iqbal* and *Twombly* standard had been met). Comparison of Form 9 with Form 18 shows each alleges as much "factual matter" as the other. Sample Form 9 provided, in relevant part: "On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway." Form 9 alleges some facts, such as "that the defendant struck the plaintiff with his car while plaintiff

was crossing a particular highway at a specified date and time . . . ." *Twombly*, 550 U.S. at 565 n.10.  Nonetheless, it contains "conclusory allegations" in equal measure, alleging simply that the defendant's conduct was negligent. *See id.* at 557 (instructing that "a conclusory allegation" alone is inadequate to state a claim).  Similarly, Form 18 contains factual allegations, like the issuance of a valid patent, plaintiff's ownership of that patent, and that the defendant is "making, selling, and using electric motors that embody the patented invention." Although the allegation that defendant "is infringing" seems to be a legal conclusion of the type we are instructed to disregard under *Twombly*, it is no more conclusory than Form 9's allegation of "negligence."  Following this guidance, the *Iqbal* and *Twombly* standard and Rule 84 may both be given effect by holding that plausible allegations paralleling Form 18 are adequate to satisfy Rule 8(a).

Because these standards are reconcilable, it is unnecessary for the majority to pronounce that "the Forms control" over plausibility.  Indeed, the remainder of the majority's opinion suggests the opposite, and expressly states that plausibility is required for Form 18 compliance. Majority Op. at 11 (holding it "clear that an implausible claim for patent infringement rightly should be dismissed"); Majority Op. at 16 (listing plausibility as one of the "touchstones" of an appropriate Form 18 analysis). Moreover, the majority's analysis of Form 18 compliance is just the sort of "context-specific" analysis required by the plausibility standard. *Iqbal*, 556 U.S. at 679 ("[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").  The majority states the adequacy of facts pled under Form 18 "depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the

defendant's business activities."[2] Majority Op. at 16–17 (collecting cases where district courts have applied such a context-sensitive approach). This analysis does not square with the dictum that "the Forms control," but is entirely consistent with the framework presented by this concurring opinion; that plausible allegations conforming to Form 18 are adequate to satisfy the requisite *Iqbal* and *Twombly* standard.

---

[2]    It is unclear what the majority means when it says "the Forms control."  Even according to the majority, strict replication of Form 18 is neither required nor sufficient to satisfy Rule 12(b)(6).  For instance, K-Tech's complaints are found adequate under Form 18 although they do not allege a device analogous to "electric motors" nor that the patentee "owned the patents throughout the period of the defendant's infringing acts . . . ." *See* Form 18 (including such allegations).  Moreover, the majority indicates that a complaint duplicating the allegations in Form 18 would be inadequate if implausible. *See* Majority Op. at 11 ("an implausible claim for patent infringement rightly should be dismissed.").