Opinion for the court filed by Circuit Judge MOORE.
Dissenting opinion filed by Circuit Judge BRYSON.
MOORE, Circuit Judge.
Addiction and Detoxification Institute L.L.C. appeals from the United States District Court for the Eastern District of Michigan’s dismissal of a patent infringement complaint filed against James Carpenter, Ricardo Borrego, Michael Michael, and Eagle Advancement Institute under Federal Rule of Civil Procedure 12(b)(6). Because the complaint failed.to satisfy the notice requirements of Federal Rule of Civil Procedure 8, we affirm.
BackgRound
Addiction and Detoxification, the assign-ee of U.S. Patent No. 5,789,411, filed a complaint alleging that Defendants infringed the '411 patent. The complaint contained a single allegation of direct infringement: “[i]n violation of [Addiction and Detoxifieationj’s exclusive rights under the patent laws of the United States, Defendants’ [sic], each of them, have directly infringed the Patents [sic] by making, using, selling, offering for sale in the United States activities, methods and procedures claimed in the Patent, Exhibit 1.” Complaint ¶ 12, Addiction & Detoxification Inst. L.L.C. v. Carpenter, No. 5:14-cv-10021-JCO-MJH, 2014 WL 145134 (E.D.Mich. Jan. 3, 2014), ECF No. 1 (“Original Complaint”). The complaint contained a single allegation of indirect infringement: “Defendants’ [sic] have induced infringement of and/or contribu-torily infringed the Patent.” Id. ¶ 13.
Defendants moved to dismiss. They argued that Addiction and Detoxification’s claim of direct infringement failed to satisfy Rule 8 because it did not follow Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure. They argued that Addiction and Detoxification’s claim of indirect infringement failed to satisfy Rule 8 because it did not allege any facts showing that Defendants had the specific intent to cause infringement.
In response, Addiction and Detoxification moved to file an amended complaint. The proposed complaint included additional allegations with regard to indirect infringement, for example, that Defendants acted “with specific intent to urge, instruct, encourage” infringement by “causing[,] urging, aiding, or instructing others to perform one or more claimed methods of the '411 patent, and acts which infringe one or more claims of the '411 patent” and that Defendants acted “with specific intent *936 to induce third parties to infringe the '411 patent.” First Amended Complaint ¶¶ 17-18, Addiction & Detoxification Inst. L.L.C. v. Carpenter, No. 5:14-cv-10021-JCO-MJH, 2014 WL 145134 (E.D.Mich. Jan. 3, 2014), ECF No. 16-1 (“First Amended Complaint”). Addiction and Detoxification did not revise the direct infringement allegations in the First Amended Complaint. Id. ¶ 12.
The district court granted Defendants’ motion to dismiss the Original Complaint and denied Addiction and Detoxification’s motion to amend. In dismissing the .complaint, the district court relied on an earlier opinion from the same district concluding that to satisfy Form 18, a complaint must allege that the defendants were notified of infringement before the complaint was filed. Accordingly, the court dismissed the direct infringement claim because neither the Original Complaint nor the First Amended Complaint contained allegations that Defendants had pre-filing notice of the alleged infringement. J.A. 3. It dismissed the indirect infringement claim because neither the Original Complaint nor the First Amended Complaint contained allegations of pre-filing notice or facts supporting the contention that Defendants specifically intended to cause infringement. J.A. 3-4. Addiction and Detoxification appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1). ■
Discussion
Because they are not unique to patent law, the grant of a motion to dismiss for failure to state a claim and the denial of a motion to amend a complaint are reviewed under the applicable law of the regional circuit. In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1331 (Fed.Cir.2012); Kalman v. Berlyn Corp., 914 F.2d 1473, 1480 (Fed.Cir.1990). Under Sixth Circuit law, a district court's dismissal under Rule 12(b)(6) is reviewed de novo, Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc., 648 F.3d 452, 456 (6th Cir.2011), and a district court’s denial of a motion to amend a complaint is reviewed for abuse of discretion, Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir.2000).
“Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible ‘short and plain’ statement of the plaintiffs claim, not an exposition of his legal argument.” Skinner v. Switzer, 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). To survive a motion to dismiss, a complaint must plead “enough factual matter” that, when taken as true, •“state[s] a claim to relief that is plausible on its face.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). “A claim has facial. plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Twombly and Iqbal require that a complaint for patent infringement contain sufficient factual allegations such that a reasonable court could, assuming the allegations were true, conclude that the defendant infringed.
A motion to dismiss a claim of direct infringement, however, will not be granted if the complaint follows Form 18. In re Bill of Lading, 681 F.3d at 1334; Fed. R. Civ. P. 84 (“The forms in the Appendix suffice under these rules.... ”). We have held that a complaint that complies with Form 18 will satisfy Rule 8 because Form 18 has the force of law and was enacted by Congress. See, e.g., In re Bill of Lading, 681 F.3d at 1334 (“to the extent the parties argue that Twombly and its progeny conflict with the Forms and create differing *937 pleadings requirements, the Forms control”). However, as Form 18 applies- only to direct infringement, we have rejected the idea that it provides a model for other causes of action, such as indirect infringement. Id. at 1386. For other patent-related claims, such claims must comply with Twombly and Iqbal. See id.
I. Direct Infringement
With regard to Addiction and Detoxification’s direct infringement claim, the district court erred to the extent it required that the complaint include an allegation of pre-filing written notice. Paragraph 4 of the complaint in Form 18 states that “[t]he plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all electric motors it manufactures and sells and has given the defendant written notice of the infringement.” Fed. R. Civ. P. Form 18. The district court erred to the extent it held that this portion of the Form creates a legal requirement that written notice be given before a complaint can be filed. Prefiling notice could be relevant to a damages calculation, such as where an apparatus embodying the patent claims is not marked. See, e.g., 35 U.S.C. § 287 (“In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter....”). Pre-filing notice, however, is not required to bring a suit for direct infringement. See, e.g., id. (“Filing of an action for infringement shall constitute such notice”). There is no rule, statute, or appellate case suggesting that pre-filing notice is required before bringing suit.
Nonetheless, we affirm the dismissal of the direct infringement claim. We may affirm a dismissal under Rule 12(b)(6) for any reason supported by the record. Lawrence v. Chancery Court of Tennessee, 188 F.3d 687, 691 (6th Cir.1999). Paragraph 3 of the complaint in Form 18 states that “[t]he defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.” Fed. R. Civ. P. Form 18. Form 18 notifies the defendant about what is being accused of infringement — electric motors. The factual allegation that a particular device infringes provides the notice required in a complaint. It allows the defendant to understand the nature of the suit and prepare an answer.
Addiction and Detoxification’s complaint only alleges that Defendants infringe by “making, using, selling, offering for sale in the United States activities, methods and procedures claimed in the Patent.” Original Complaint ¶ 12. Although Form 18 does not include much detail, it does allege that the defendant makes, sells, and uses “electric motors” that embody the patented invention. Fed. R. Civ. P. Form 18. This is at least some identification of specific products. The bare allegation that Defendants make, use, sell,- and offer for sale undefined “activities, methods, an“d procedures” provides no detail whatsoever that would put Defendants on notice as to what activity, method, or procedure is alleged to infringe. Original Complaint ¶ 12. Such bare allegations do not comply with the complaint provided in Form 18. It is not enough to say “you infringe my patent.” And that is all that is alleged in Addiction and Detoxification’s complaint. There must be some allegation of specific services or products of the defendants which are being accused. Here, the Original Complaint does not comply with Form 18. And when a complaint does not comply with Form 18, it does not fall within the safe harbor created *938 by Rule 84. We thus affirm the dismissal of the direct infringement claim. The district court did not abuse its discretion when it denied the motion to amend the complaint with respect to the direct infringement claim because Addiction and Detoxification did not amend its direct infringement allegations in the First Amended Complaint. See Thiokol Corp. v. Dep’t of Treasury, Mich., Revenue Div., 987 F.2d 376, 382-83 (6th Cir.1993) (holding that a proposed amendment to a complaint is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss).
II. Indirect Infringement
The district court properly dismissed Addiction and Detoxification’s indirect infringement claim. The Original Complaint alleged that “Defendants’ [sic] have induced infringement of and/or contributorily infringed the Patent.” Original Complaint ¶ 13. To state a claim for induced infringement, a plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement. Commit USA, LLC v. Cisco Sys., Inc., - U.S. -, 135 S.Ct. 1920, 1926, 191 L.Ed.2d 883 (2015). The Original Complaint contains no allegations regarding intent or any specific acts caused by Defendants. “To state a claim for contributory infringement ... a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.” In re Bill of Lading, 681 F.3d at 1337. The Original Complaint contains no allegations regarding substantial non-infringing uses. Simply repeating the legal conclusion that Defendants induced infringement or contributorily infringed does not plead “factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. We thus affirm the dismissal of the indirect infringement claim in the Original Complaint.
The district court did not abuse its discretion when it denied the motion to amend the complaint as futile with respect to the indirect infringement claim. The First Amended Complaint stated that Defendants acted “with specific intent to urge, instruct, encourage” infringement by “causing!,] urging, aiding, or instructing others to perform one or more claimed methods of the '411 patent, and acts which infringe one or more claims of the '411 patent” and that Defendants acted “with specific intent to induce third parties to infringe the '411 patent.” First Amended Complaint ¶¶ 17-18. The First Amended Complaint did not include facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement and dropped any allegation that Defendants contributorily infringed the patents. Rather, the First Amended Complaint simply recites the legal conclusion that Defendants acted with specific intent. The district court did not abuse its discretion when it denied the motion to amend the complaint with respect to the indirect infringement claim.
Conclusion
■ We affirm the district court’s dismissal of the complaint and denial of the motion to amend.
AFFIRMED