NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LESLIE ANN PERALTA, DBA AMETHYST INNOVATIONS,**
*Plaintiff-Appellant*

**v.**

**CALIFORNIA FRANCHISE TAX BOARD, A STATE AGENCY, SELVI STANISLAUS, DIRECTOR, NANCY PAKER, TAX COUNSEL, IN INDIVIDUAL AND OFFICIAL CAPACITIES, JOHN CHIANG, CALIFORNIA STATE TREASURER, IN INDIVIDUAL AND OFFICIAL CAPACITIES, FKA CALIFORNIA STATE CONTROLLER, KAMALA HARRIS, CALIFORNIA STATE ATTORNEY GENERAL, KRISTA DUNZWEILER, DEPUTY ATTORNEY GENERAL, IN INDIVIDUAL AND OFFICIAL CAPACITIES,**
*Defendants-Appellees*

---

2016-1820

---

Appeal from the United States District Court for the Northern District of California in No. 3:15-cv-01595-WHO, Judge William H. Orrick III.

---

Decided: December 9, 2016

---

LESLIE ANN PERALTA, Clearlake, CA, pro se.

KENNY KHOA VU NGUYEN, California Office of the Attorney General, Sacramento, CA, for defendants-appellees. Also represented by KAMALA D. HARRIS.

———————————

Before MOORE, WALLACH, and CHEN, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Appellant Leslie Ann Peralta appeals the decision of the U.S. District Court for the Northern District of California ("District Court") dismissing various federal and state law claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Peralta v. Cal. Franchise Tax Bd.*, 124 F. Supp. 3d 993, 995 (N.D. Cal. 2015). We affirm.

## BACKGROUND

Ms. Peralta is the inventor of U.S. Patent No. 7,584,129 ("the '129 patent"). The '129 patent discloses a "new method for recovery of tax revenues in lien status" by "utiliz[ing] a new, non-title related and previously unperformed tax lien search to be performed during the real property escrow process on any lienholder." '129 patent, Abstract. After unsuccessfully attempting to license her patented invention to the California Franchise Tax Board ("FTB"), Ms. Peralta sued the FTB, as well as its officers and their attorneys in both their official and individual capacities for patent infringement and related state law claims. *See Peralta*, 124 F. Supp. 3d at 996−98.

The District Court dismissed the majority of Ms. Peralta's claims with prejudice, finding that the FTB and its officers and attorneys had not waived their sovereign immunity under the Eleventh Amendment. *Id.* at 999, 1001–02. The District Court allowed Ms. Peralta thirty

days to amend her Complaint to plead valid patent infringement claims against the FTB officials in their individual capacities and to plead valid state law contract claims. *Id.* at 998, 1000–01, 1003–04. The District Court noted that Ms. Peralta's "only basis for federal jurisdiction" was her patent infringement claim, and that "[w]ithout a viable patent claim, there is no federal jurisdiction for [Ms.] Peralta's state-law claims." *Id.* at 998. Instead of amending her Complaint, Ms. Peralta appealed to the U.S. Court of Appeals for the Ninth Circuit before the District Court entered final judgment. Appellant's App. 6 (Docket No. 36). The District Court later entered final judgment. *Id.* (Docket No. 39). After it received the appeal, the Ninth Circuit transferred the case to the U.S. Court of Appeals for the Federal Circuit "because the . . . Federal Circuit has exclusive jurisdiction over appeals in cases arising under federal patent law." Appellees' Suppl. App. 97.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (2012).

## DISCUSSION

### I. The Federal Circuit Has Jurisdiction to Hear This Appeal

"[A] federal court [must] satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). We thus address Appellees' argument that this court lacks jurisdiction over Ms. Peralta's claim for an injunction barring the FTB and its employees from infringing the '129 patent. *See* Appellees' Br. 21. Ms. Peralta appealed to the Ninth Circuit following the District Court's grant of leave to amend her Complaint to plead certain claims with greater specificity. At that time, the District Court had not entered a final judgment. *Compare* Appellant's App. 6 (Docket No. 35 entered Aug. 24, 2015, stating an "amended complaint shall be filed

within 30 days of this Order"), *with id.* (Docket No. 36 entered Sept. 2, 2015, entering a notice of appeal filed with the Ninth Circuit). Appellees allege that "[Ms.] Peralta's refusal to amend before filing her Notice of Appeal deprives this [c]ourt of jurisdiction over her claim for injunctive relief." Appellees' Br. 21.[1]

Rule 4(a)(2) of the Federal Rules of Appellate Procedure states that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." The Supreme Court has interpreted that this rule "permits a notice of appeal filed from certain nonfinal decisions to serve as an effective notice from a subsequently entered final judgment," *FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co.*, 498 U.S. 269, 274 (1991) (footnote omitted), which establishes the requisite finality needed for general appellate review per 28 U.S.C. § 1291, *id.* at 275. We have jurisdiction to hear this appeal because the District Court's entry of final judgment on October 5, 2015, following Ms. Peralta's appeal, satisfies our circuit's identical jurisdictional requirement to review appeals from "final decision[s] of a district court." 28 U.S.C. § 1295(a)(1); *see Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362−63 (Fed. Cir. 2003) (observing for purposes of final judgment that "[w]hat essentially is required is some clear and unequivocal manifestation by the trial court of its belief that the

---

[1]    Ms. Peralta was only granted leave to amend with respect to her infringement claims for injunctive relief and against the FTB officials in their individual capacities, and her contract claim against the FTB defendants in their individual capacities. *See Peralta*, 124 F. Supp. 3d at 1004. Appellees only raise an argument on lack of jurisdiction with respect to the claims for injunctive relief.

decision made . . . is the end of the case" (internal quotation marks and citation omitted)).

## II. The District Court Did Not Err in Dismissing the Case for Lack of Jurisdiction

We review grants of motions to dismiss for failure to state a claim upon which relief can be granted under the law of the regional circuit in which the district court sits. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013). The Ninth Circuit "review[s] de novo a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1047 (9th Cir. 2011). "The court accept[s] the plaintiffs' allegations as true and construe[s] them in the light most favorable to plaintiffs." *K-Tech Telecomms.*, 714 F.3d at 1282 (internal quotations and citation omitted). "The court will hold a dismissal inappropriate unless the complaint fails to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To plead with sufficient plausibility, a plaintiff must show "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### A. The District Court Properly Dismissed Ms. Peralta's Claims

Ms. Peralta argues that the District Court erred in dismissing her case for failure to state a claim. Appellant's Br. 20–21. We address each of her arguments in turn.

### 1. Patent Infringement Claims Against the FTB and Its Employees in Their Official Capacities for Damages

The District Court dismissed Ms. Peralta's claims against the FTB and its employees in their official capaci-

ties because Ms. Peralta failed to present evidence that the FTB and its employees waived sovereign immunity. *Peralta*, 124 F. Supp. 3d at 999.

Ms. Peralta claims that the California Attorney General's acceptance of a federal grant of $200,000 to prosecute intellectual property crimes, "one of many" such grants, Appellant's Br. 4, waived the state of California's, and hence the FTB's, immunity because the grant stated that the Attorney General would protect inventors and "bring those involved in intellectual property crimes to justice," Appellant's App. 28 (internal quotation marks and citation omitted). She further argues that the FTB waived immunity by (1) "provid[ing] no remedy, or an insufficient remedy" to an injured patent owner, Appellant's Br. 12, and (2) generally "agreeing to comply with all federal statutes," including patent statutes under Title 35, the agency has waived immunity, *id.* at 21.

The "test for determining whether a [s]tate has waived its immunity from federal-court jurisdiction is a stringent one." *College Sav. Bank v. Fla. Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 675 (1999) (internal quotation marks and citation omitted). "A waiver of sovereign immunity 'must be unequivocally expressed,' . . . ." *Marathon Oil Co. v. United States*, 374 F.3d 1123, 1127 (Fed. Cir. 2004) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)) (additional citations omitted). A state does not "consent to suit in federal court merely by stating its intention to sue and be sued . . . or even by authorizing suits against it in any court of competent jurisdiction." *College Sav. Bank*, 527 U.S. at 676 (internal quotation marks and citations omitted). Additionally, the "mere receipt of federal funds cannot establish that a [s]tate has consented to suit in federal court." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 246−47 (1985) (citation omitted), *abrogated on other grounds in Lane v. Pena*, 518 U.S. 187 (1996).

On review, we find no evidence that when accepting the grant, the State Attorney General, or the FTB and its employees in their official capacities, waived California's sovereign immunity. The word waiver is not mentioned in the grant and there is no language in the grant that could otherwise be construed as a waiver. *See generally* Appellant's App. 84 (Press Announcement of Grant Receipt). Furthermore, agreeing to follow federal law is not, as Ms. Peralta alleges, the test for waiver. We affirm the District Court's determination that Appellees have not waived their sovereign immunity.

## 2. Patent Infringement Claims Against FTB Employees in Their Official Capacities for Injunctive Relief

Under *Ex parte Young*, claims against state officials for injunctive relief are not barred by the Eleventh Amendment. 209 U.S. 123, 157 (1908). Ms. Peralta pled claims against the FTB employees in their official capacities for injunctive relief, and the District Court dismissed these infringement claims. The District Court found that Ms. Peralta had failed to plead sufficient facts and to put defendants on proper notice. *Peralta*, 124 F. Supp. 3d at 1000−01.

In her Complaint, Ms. Peralta did not allege claims against FTB employees with adequate sufficiency. On her infringement claims for injunctive relief, Ms. Peralta stated that defendants have continued to infringe the '129 patent through "practicing the method embodied in the '129 patent, directly and through third parties . . . via the internet, 24 hours per day, 7 days per week." Appellant's App. 32. She further claimed that she "discover[ed] clear evidence of unauthorized use" of the '129 patent, *id.* at 26, and that certain named individuals were "in . . .position[s] to terminate and remedy the harm caused [to] Plaintiff by theft of her intellectual property, but failed and refused ever to do so," *id.* at 18; s*ee id.* (referring to the third

named FTB employee and stating that "all harm caused as described herein commenced with this Defendant").

The facts asserted in the infringement claim do not allege with requisite specificity the actual infringement claimed. *See Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1343 (Fed. Cir. 2006) ("A nexus between the violation of federal law and the individual accused of violating that law requires more than simply a broad general obligation to prevent a violation."). A complaint in federal court must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Because Ms. Peralta has not presented her Complaint against the named individuals with adequate specificity, she has not put the named individuals on notice of the alleged infringement. Ms. Peralta offers no reasonably cognizable arguments to contest the District Court's finding on the sufficiency of her pleading. *See* Appellant's Br. 12−13.

Finally, Ms. Peralta argues that the District Court's Patent Local Rules do not mandate that she provide evidence of infringing material until "[n]ot later than 14 days after the Initial Case Management Conference." Appellant's Br. 11 (internal quotation marks and citation omitted). She further argues that her pleadings would have been sufficient had she opted to file a Form 18, which in patent infringement cases filed before December 1, 2015, only required a form complaint whose "'proper use . . . effectively immunizes a claimant from attack regarding the sufficiency of the pleading.'" *Id.* at 20

(quoting *K-Tech Telecomms.*, 714 F.3d at 1277).[2] As for Ms. Peralta's contention relating to Form 18, we stated in *K-Tech Telecommunications*, "Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement." 714 F.3d at 1284.[3] The boilerplate allegation that defendants infringe by practicing "the method embodied in the '129 patent, directly and through third parties . . . via the internet, 24 hours per day, 7 days per week," Appellant's App. 32, is not enough to comply with Form 18, which still requires "some allegation of specific services or products of the defendants which are being accused," *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 937 (Fed. Cir. 2015).

---

[2] The revised Federal Rules of Civil Procedure entered into effect on December 1, 2015. The revised Rules eliminate Rule 84, which had allowed for patent infringement claims to be plead at a lower standard in form pleadings than that espoused in *Twombly*. *See generally* Fed. R. Civ. P. and advisory committee's note to 2015 amendment.

[3] Nor are the Patent Local Rules' requirements for disclosure of asserted claims and infringement in conflict with the underlying rules for sufficiency of pleading in federal court. *See, e.g.*, *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-cv-05469-EDL, 2016 WL 1719545, at *5 (N.D. Cal. Mar. 9, 2016) (examining a 12(b)(6) motion in a patent infringement case under the *Twombly* and *Iqbal* standards, and affirming defendant's claim that the Patent Local Rules "cannot trump the pleading requirements of *Iqbal* and *Twombly*").

### 3. Patent Infringement Claims Against FTB Employees in Their Individual Capacities for Damages

The District Court also dismissed Ms. Peralta's claims against the FTB employees in their individual capacities for failure to show that the actions were taken as individuals, effectively finding that the claims were de facto against the employees in their official capacities and again barred by sovereign immunity. *Peralta*, 124 F. Supp. 3d at 1001−02.

We agree that Ms. Peralta has presented no allegation that the accused individuals acted in their individual capacities as required to assert claims for damages against state officials. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Ms. Peralta's Complaint, liberally construed, does not set forth any basis for a claim that the officials were acting in their individual capacities. *See* Appellant's App. 10−92. The District Court judge even suggested that Ms. Peralta amend the Complaint in order to properly allege such claims, but she declined to do so. *Peralta*, 124 F. Supp. 3d at 1001.

### 4. State Law Claims

Because Ms. Peralta has not pled a plausible factual basis to assert a patent infringement claim under federal law, we do not have jurisdiction over the supplemental state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (for pendent or supplemental jurisdiction to exist, "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court" (citation omitted)). Therefore, we decline to review the pleadings on Ms. Peralta's state law claims.

### III. There Is No Evidence to Support a Finding of Judicial Bias

Ms. Peralta argues that there was a "disqualifying conflict of interest," Appellant's Br. 2, in her case because the District Court judge's "family[] firm [Orrick, Herring-

ton and Sutcliffe] has represented . . . [the] defendants
. . . ."[4] *Id.* at 2−3. We disagree.

Ms. Peralta's claims of judicial bias by the District
Court and request for reassignment on remand "invoke[] a
matter not within the exclusive jurisdiction of this court,"
and will be assessed under the law of the Ninth Circuit.
*See Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119,
1122 (Fed. Cir. 2003). The Ninth Circuit reviews claims
of judicial bias not raised at the district court for "plain
error," *United States v. Bosch*, 951 F.2d 1546, 1548 (9th
Cir. 1991), and will only reverse or vacate a district court
opinion under this standard "when it appears necessary
to prevent a miscarriage of justice or to preserve the
integrity and reputation of the judicial process," *id.* (in-
ternal quotation marks and citation omitted). To succeed
on a judicial bias claim, an appellant must "overcome a
presumption of honesty and integrity in those serving as
adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975).
The Ninth Circuit will reassign a different judge on
remand only under "rare and extraordinary circumstanc-
es." *Krechman v. Cty. of Riverside*, 723 F.3d 1104, 1112
(9th Cir. 2013) (internal quotation marks and citation
omitted).

---

[4] Ms. Peralta also argues that the case "should have
been transferred back to the San Jose Division" to grant
her "a fair and impartial hearing." Appellant's Br. 3, *see
id.* at 24−25 (making further arguments as to why the
case should be transferred back to the San Jose Division).
However, 28 U.S.C. § 1404(a) states that "[a] district court
may transfer any civil action to any other district or
division where it might have been brought." San Jose and
San Francisco are both in the Northern District of Cali-
fornia; the decision to change venue within the district
was entirely proper.

Ms. Peralta has presented no evidence of judicial bias (in her words, "judicial conflict of interest," Appellant's Br. 9). There is no evidence that Judge Orrick has practiced at or is affiliated with Orrick, Herrington, and Sutcliffe. Nor is there any evidence presented that the firm has any affiliation with the case at bar. Ms. Peralta has not only failed to overcome the "presumption of honesty" accorded to adjudicators, *see Withrow*, 421 U.S. at 47, she has presented nothing but rank, baseless, and scandalous speculation to support her argument.

## CONCLUSION

We have considered Ms. Peralta's remaining arguments and find them unpersuasive. Accordingly, we find that the decision of the U.S. District Court for the Northern District of California is

## **AFFIRMED**

## COSTS

Each party shall bear its own costs.