NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PRISM TECHNOLOGIES LLC,**
*Plaintiff-Appellant*

**v.**

**SPRINT SPECTRUM L.P., DBA SPRINT PCS,**
*Defendant-Appellee*

---

2018-1108

---

Appeal from the United States District Court for the District of Nebraska in No. 8:12-cv-00123-LES-TDT, Senior Judge Lyle E. Strom.

---

Decided: February 1, 2019

---

PAUL J. ANDRE, Kramer Levin Naftalis & Frankel LLP, Menlo Park, CA, argued for plaintiff-appellant. Also represented by LISA KOBIALKA; MARK BAGHDASSARIAN, JONATHAN CAPLAN, AARON M. FRANKEL, CRISTINA MARTINEZ, New York, NY.

CARTER GLASGOW PHILLIPS, Sidley Austin LLP, Washington, DC, argued for defendant-appellee. Also represented by JENNIFER J. CLARK, RYAN C. MORRIS,

KATHERINE L. OLSON; MICHAEL J. BETTINGER, IRENE YANG, San Francisco, CA.

_____

Before NEWMAN, TARANTO, and CHEN, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Prism Technologies, LLC is the owner of two related patents, U.S. Patent Nos. 8,127,345 and 8,387,155, that address access to information over networks that are "untrusted." In 2012, Prism brought suits in the District of Nebraska against several cellphone carriers, among them Sprint Spectrum L.P. and T-Mobile USA, Inc., alleging infringement of those patents (plus one other patent that is not at issue and so is not further mentioned here). We have before us an appeal (the second appeal) in the suit against Sprint. The issue presented is the effect on this case of this court's invalidation of various claims of the two patents in the suit against T-Mobile. We hold that the district court did not abuse its discretion in applying our invalidation ruling in the case against T-Mobile to set aside the judgment against Sprint in this case. We therefore affirm.

I

In early 2015, Prism and Sprint went to trial. Before trial, the parties stipulated that "Sprint may not argue that Sprint does not infringe because the claims are allegedly invalid." J.A. 5. Prism tried four patent claims against Sprint: claims 1 and 33 of the '345 patent, and claims 7 and 37 of the '155 patent. The jury found that Sprint had infringed those claims and awarded $30 million. The district court entered a judgment for Prism and against Sprint for that amount, plus costs, in June 2015. This court affirmed. *Prism Tech., LLC v. Sprint Spectrum L.P.,* 849 F.3d 1360 (Fed. Cir. Mar. 6, 2017), *cert. denied,* 138 S. Ct. 429 (Nov. 6, 2017).

After this court denied rehearing but before Sprint filed a petition for a writ of certiorari in the *Sprint* case, this court decided *Prism Technologies, LLC v. T-Mobile USA, Inc.*, 696 F. App'x 1014 (Fed. Cir. June 23, 2017), *cert. denied*, 138 S. Ct 689 (2018). That decision addressed an appeal by Prism and a cross-appeal by T-Mobile from the judgment in Prism's unsuccessful case against T-Mobile based on the same two patents. We held that all the claims before us are invalid under 35 U.S.C. § 101 (while rejecting T-Mobile's challenge to the denial of attorney's fees).

Less than a week later, Sprint sought relief from the June 2015 judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Relying on *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 349–50 (1971), *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573 (Fed. Cir. 1994), and other authorities, Sprint argued that this court's *T-Mobile* invalidity ruling required the district court to set aside the judgment in Sprint's case, a judgment whose execution had been stayed pending completion of appeals (which had not occurred, given that Sprint's petition for certiorari was still pending). When Prism suggested to the district court that this court's May 2017 mandate (issued after denial of rehearing) precluded any such relief, Sprint asked this court to recall the mandate. This court denied the request, stating that the relief was "unnecessary to give effect to the preclusion law that Sprint invokes in support of its recall motion and in support of its Rule 60(b) motion in district court." J.A. 35165. We added:

> To avoid any doubt, this court here confirms that the May 2017 mandate does not alter how the district court should decide the preclusive effect of the T-Mobile ruling, which did not exist in May 2017. The district court must consider Sprint's preclusion motion—including any issues about what patent claims were actually the sub-

ject of this court's T-Mobile ruling—by applying the standards of *Mendenhall* . . ., its successors, and any other relevant law. . . . [T]he May 2017 mandate should not be treated by the district court as altering whatever conclusion it would otherwise reach about Sprint's Rule 60(b) motion.

J.A. 35165–66.

The district court granted Sprint's motion for relief from the judgment on August 8, 2017. The court concluded that the patent claims at issue in the *T-Mobile* appeal included those on which Sprint had been found liable in this case. On that basis, the court set aside the June 2015 judgment against Sprint.

On September 27, 2017, the court denied Prism's motion to alter the August 8, 2017 judgment. Prism appealed on October 9, within the 30 days allowed under 28 U.S.C. § 2107 and Rule 4 of the Federal Rules of Appellate Procedure. We have jurisdiction to hear the appeal. *See* 28 U.S.C. § 1295(a). We review the district court's grant of Sprint's Rule 60(b) motion, and refusal to modify that grant, for an abuse of discretion. *See Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005); *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

II

The principal issue before us is whether the four patent claims on which Sprint was held liable in this case were among the claims held invalid in the *T-Mobile* case. As to two of the claims—claim 1 of the '345 patent and claim 37 of the '155 patent—there is no dispute. There is a dispute as to the other two—claim 33 of the '345 patent and claim 7 of the '155 patent. We conclude that those two claims, like the other two, were the subject of this court's *T-Mobile* invalidity decision.

A

We begin by describing what occurred in the district court in Prism's case against T-Mobile.   When T-Mobile answered the operative complaint, it stated an affirmative defense of invalidity of the patents at issue "for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103 and/or 112." J.A. 2487.  It also stated "a counterclaim for declaratory judgment of noninfringement, and/or invalidity arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*," J.A. 2490, and asked for a "declaration that each of the claims of the [three patents then at issue] is invalid," J.A. 2498.  In its separately numbered counterclaims for each patent, T-Mobile asserted that the claims are "invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code, including §§ 102, 103 and/or 112." J.A. 2495, 2496.  Although § 101 is not there expressly mentioned, the counterclaims use "including" language, and this court has ruled that § 101, like §§ 102, 103, and 112, states "conditions of patentability." *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1330 n.3 (Fed. Cir. 2012); *see also* J.A. 2487 (T-Mobile itself, in its affirmative defense, using the similar phrase "conditions for patentability" to cover § 101).  T-Mobile's responsive pleading can be read as encompassing § 101 counterclaims, though that characterization is hardly inevitable.[1]

---

[1]    Under any local rules on pleading specificity and cases applying the Federal Rules of Civil Procedure, it is possible that T-Mobile's responsive pleading may not have sufficiently pleaded a counterclaim.  *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323 (Fed. Cir. 2012); *McZeal v. Sprint Nextel*

On July 17, 2015, T-Mobile moved for summary judgment of patent ineligibility of what were then the "asserted claims." J.A. 34808. Specifically, as of July 2015, the claims being asserted by Prism were claims 1, 33, 39, 50, 57, 70, 77, and 87 of the '345 patent and claims 7, 11, 32, 37, 50, 56, 74, 75, 76, and 93 of the '155 patent. We note that all four of the claims that are the basis of the judgment in the *Sprint* case are on that list. T-Mobile's motion did not clarify whether affirmative defenses or counterclaims or both were at issue.

Prism responded on August 21, 2015, by opposing T-Mobile's motion for summary judgment and, by cross-motion, seeking summary judgment of eligibility of the then-asserted claims. Prism contended that T-Mobile had not timely presented an eligibility challenge, discussing the issue only as a defense. Prism also argued eligibility on the merits.

On September 22, 2015, the district court granted Prism's motion for summary judgment of eligibility and denied T-Mobile's motion for summary judgment of ineligibility. J.A. 30671–78. The court said nothing to suggest that it thought that T-Mobile had not properly presented the § 101 issue; the court discussed only the merits. The

--------

*Corp.*, 501 F.3d 1354 (Fed. Cir. 2007); *see also K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.* 714 F.3d 1277 (Fed. Cir. 2013) (summarizing standards as of April 2013); *Schwendimann v. Arkwright, Inc.*, 2008 WL 2901691 (D. Minn. 2008) (applying *McZeal* standards to counterclaims). The parties' actions, however, sufficiently establish that both T-Mobile and Prism ultimately recognized the § 101 challenge as a counterclaim. In these circumstances, we do not consider whether T-Mobile's pleading would be adequate under the standards applicable in or around March 2013 or under the standards applicable today.

court did not say whether affirmative defenses, counter-claims, or both were at issue. Nor did the court limit which patent claims were covered by its ruling to only a subset of the "asserted claims" listed in T-Mobile's motion for summary judgment—even though on September 11, 2015, Prism had narrowed its elected claims to just eight, namely, claims 1, 77, and 87 of the '345 patent and claims 11, 37, 56, 74, and 75 of the '155 patent. That list excludes two of the claims in Prism's case against Sprint (the present case): claim 33 of the '345 patent and claim 7 of the '155 patent.

In the second half of October 2015, Prism and T-Mobile went to trial. Prism narrowed the claims it asked the jury to address still further, dropping claims 74 and 75 of the '155 patent. On October 30, 2015, the jury found that T-Mobile had not infringed the six claims it was charged with addressing and, pursuant to the instruction on the verdict form, did not reach the questions of invalidity under §§ 102, 103, and 112 on the verdict form.

After trial, T-Mobile filed a motion for judgment as a matter of law, under Rule 50(b) of the Federal Rules of Civil Procedure. In addition to seeking judgment in its favor of invalidity under §§ 102 and 112, T-Mobile argued that "the asserted claims are ineligible under 35 U.S.C. § 101." J.A. 34228 (capitalization omitted). T-Mobile "incorporate[d] by reference" its motion for summary judgment and declared that it "maintains that the claims were ineligible based on the pre-trial summary judgment record alone." *Id.* at 34228 n.1. It argued that, in any event, "the evidence at trial prove[d] that there is nothing inventive in the asserted claims that could confer eligibility." *Id.* at 34228.

As to that argument, T-Mobile concentrated on testimony by Prism's witnesses about use of a "hardware identifier" to "identify a person requesting access to resources over the Internet," *id.* at 34229, and it gave two

answers to that testimony. First, it said, "the concept of a hardware identifier is not inventive." *Id.* at 34230. Second, it added, a hardware identifier "is not even recited in the asserted claims." *Id.* In making that point, T-Mobile cited only the six tried claims. *Id.* at 34230–31. On the other hand, it introduced that citation with a non-limiting "*e.g.*," and when it noted that other claims call for a hardware identifier, it did not point to any of the claims on the longer list that were the subject of the summary judgment ruling. *Id.* at 34231.

The district court denied the post-trial motions, including T-Mobile's request for attorney's fees, on April 6, 2016. The court did not identify what claims of the patents were at issue in the Rule 50(b) motion.

## B

Prism appealed, and T-Mobile cross-appealed. In the notice of cross-appeal, T-Mobile stated that it was appealing from the April 6, 2016 judgment that denied its Rule 50(b) motion and request for fees

> and from any and all other judgments, orders, opinions, rulings, and findings that merge therein or are pertinent or ancillary to the foregoing, including, without limitation, the Order entered on September 22, 2015 (Dkt. 428), denying T-Mobile's Motion for Summary Judgment of Patent Ineligibility (Dkt. 309).

J.A. 34612.

In its opening brief as cross-appellant, T-Mobile described the district court's ruling on summary judgment and stated: "While Prism subsequently narrowed its case at trial, T-Mobile maintains that all of the claims addressed in its motion are patent-ineligible." Corrected Principal and Response Brief for Defendant/Cross-Appellant T-Mobile USA, Inc. at 10 n.4. T-Mobile referred to its § 101 challenge as a "request for declaratory

judgment," not as a mere affirmative defense. *Id.* at 33. T-Mobile did not limit its challenge to the district court's § 101 ruling to the six claims tried to the jury. To the contrary, it stated its request for relief as to § 101 more broadly: "The Court should reverse the district court's eligibility rulings on T-Mobile's summary judgment and Rule 50(b) motions, and hold that the claims addressed therein are not patent-eligible." *Id.* at 67; *see id.* at 76 ("The Court should . . . reverse the district court's rulings that Prism's claims are directed to patent-eligible subject matter . . . ."). That request, naturally read, challenges the summary judgment ruling in its full scope, covering all the claims the court there held eligible for patenting. In its cross-appeal, T-Mobile attacked a broader set of claims than what had been asserted by Prism at trial; the necessary implication is that T-Mobile sought to prevail on a counterclaim of invalidity, not just obtain relief under an affirmative defense.

In responding to T-Mobile's argument on the cross-appeal, Prism did not assert that T-Mobile's cross-appeal was actually or necessarily limited to the six tried claims. To the contrary, Prism treated the full summary judgment ruling as before this court. *See* Plaintiff-Appellant Prism Technologies LLC's Reply and Cross-Appeal Response Brief at 4–5, 23–50. Indeed, to show the inventive concepts that went beyond the abstract idea at issue, Prism expressly discussed a number of claims other than the six that were tried. *Id.* at 33–34.

That fact is significant enough, but two particular aspects of Prism's discussion are worth highlighting. First, Prism specifically discussed claim 33 of the '345 patent and claim 7 of the '155 patent. *Id.* Those are the two claims, among the four on which Sprint was held liable in this case, that Prism argues were not before this court in the *T-Mobile* case. *Id.* Second, Prism specifically argued that, "as discussed further below, the inclusion of *hardware identity limitations in the Asserted Claims* repre-

sents a specific and novel solution to a real problem and provides real benefits." *Id.* at 24 (emphasis added). It then elaborated on what claims it meant, describing various claims that "provide additional specificity on the identity data used for authentication, including that they are generated from an internal hardware component, unique or unique to the client computer device, and come from an external device, an external object inserted into a reader associated with the client computer or a SIM card." *Id.* at 34 (citing claims 57, 69, and 70 of the '345 patent and claims 6, 7, and 75 of the '155 patent). Not one of those claims is among the six tried in Prism's case against T-Mobile. And Prism wrapped up its eligibility discussion with a reference back to "hardware identity" claim limitations. *Id.* at 50.

On June 23, 2017, this court agreed with T-Mobile that "the asserted claims recite ineligible subject matter because they: (1) are directed to the abstract idea of controlling access to resources; and (2) are non-inventive because they recite generic computer hardware running generic computer software that performs the abstract functions routine to the process of restricting access." 696 F. App'x at 1017. The court did not limit its ruling to the six tried claims. Rather, following Prism's own presentation, it addressed other claims. Of particular note, the court discussed, and rejected on the merits, Prism's argument relying on "the recited 'identity data' (such as a hardware identifier)" and "hardware identity data." *Id.* at 1017–18 (citing pages 24 and 50 of the relevant Prism brief). As we have just observed, Prism, in making that argument, was addressing claims other than the six that were tried.[2]

---

[2]    This court addressed the merits of Prism's argument about identity data and hardware, which T-Mobile continued to address on the merits in its final brief. Reply

C

In the circumstances presented, we conclude that this court's *T-Mobile* decision is properly understood as covering, and invalidating, all the claims that were the subject of the district court's eligibility ruling on summary judgment—which undisputedly included all four of the claims on which Sprint was held liable to Prism in this case. The parties' filings in this court in *T-Mobile*, including the presentation by Prism itself, strongly so indicate.

We do not see enough in the proceedings at the district court level in *T-Mobile* to override what the record at the appellate level strongly indicates. There is no dispute that, if T-Mobile's § 101 challenge is viewed as a counterclaim, the rejection of the challenge on summary judgment—covering all claims then at issue—was appealable after final judgment. As we have described, T-Mobile's responsive pleading, though not clear, can be read as including counterclaims for a declaratory judgment of § 101 ineligibility. And at the appellate level, both parties, and this court, effectively treated the § 101 challenge as a counterclaim: the § 101 discussion clearly extended beyond the tried claims. We see no sufficient reason to decline to give effect to that treatment of the character of the § 101 challenge as a counterclaim, given that Prism, before this court's decision on appeal, never contested the scope of T-Mobile's cross-appeal, and our *T-Mobile* decision must be read as deciding the eligibility question for all of the claims addressed in the district court's summary-judgment ruling.

---

Brief for Defendant/Cross-Appellant T-Mobile USA, Inc. at 11–13. We note that, in a footnote attached to that brief's textual discussion of the merits of the argument, T-Mobile stated that this feature is not in the tried claims. *Id.* at 12 n.1. This court did not rely on that statement, but addressed this feature on the merits.

In any event, Prism is now in no position to insist that a formal alteration of the responsive pleading was needed to further clarify the counterclaim status of the § 101 challenge. In *T-Mobile*, the only reason that there was an appealable final judgment, despite the absence of a ruling on other counterclaims of invalidity (which mention §§ 102, 103, and 112), was that Prism and T-Mobile agreed to treat those counterclaims of invalidity as affirmative defenses, without a formal pleading change. *See* J.A. 35269. Nor has there been any suggestion that a formal alteration of T-Mobile's pleading was any more required for present purposes, where the parties effectively treated T-Mobile's § 101 challenge as a counterclaim when the matter was presented to this court.

## III

Having concluded that this court's decision in *T-Mobile* held invalid all four claims on which Sprint was held liable to Prism in this case, we also conclude that the district court properly set aside the judgment against Sprint. The courts have long recognized a strong federal patent policy against enforcing an unexecuted judgment of patent liability at least where all of the following circumstances are present: the patent claims underlying that judgment have been held invalid by another decision having sufficient finality for this purpose; proceedings on direct review of the judgment have not yet been completed; and no agreement exists making portions of the judgment final. *See Blonder-Tongue*, 402 U.S. at 349–50; *Mendenhall*, 26 F.3d at 1579–80 (invalidity judgment may be raised "at any stage of the affected proceedings"); *id.* at 1583–84; *see also WesternGeco LLC v. Ion Geophysical Corp.*, Nos. 2013-1527, 2014-1121, -1526, -1528, 2019 WL 166173 at *2–3 (Fed. Cir. Jan. 11, 2019); *ePlus, Inc. v. Lawson Software, Inc.*, 789 F.3d 1349, 1358 (Fed. Cir. 2015); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1344, 1347 (Fed. Cir. 2013). The district court properly relied on that principle in this case. The liability

judgment in this case was still subject to direct review when this court, in *T-Mobile*, invalidated the claims on which the judgment rests. The judgment had not been executed, and no portion had been carved out as final by agreement. And Sprint invoked the *T-Mobile* invalidity ruling within a week of that ruling's issuance.

Prism notes that, in this case, Sprint had dropped its invalidity challenges just before trial in 2015 and did not raise such challenges on appeal of the judgment against it. But Prism has identified no precedent that limits the above-stated federal patent policy based on those facts. Nor has Prism provided a persuasive reason why the *T-Mobile* invalidity ruling is properly viewed as less than "an act which, in judgment of law, extinguishes the patent" claims, akin for present purposes to a cancellation of those claims, after which they "can no more be the foundation for the assertion of a right." *Moffitt v. Garr*, 66 U.S. (1 Black) 273, 283 (1861). We conclude that Prism has given us no basis to conclude that the district court abused its discretion in setting aside the judgment against Sprint based on the invalidation in *T-Mobile* of the claims on which the judgment rests.

IV

We affirm the Order and Judgment of August 8, 2017.

No costs.

**AFFIRMED**